IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE,
AT CHATTANOOGA

| | |
|---|---|
| HICA EDUCATION ) | |
| LOAN CORPORATION ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:11-cv-287 |
| ) | Mattice/Carter |
| CHRISTOPHER J. KLUGEWICZ ) | |
| ) | |
| Defendant. ) | |

REPORT and RECOMMENDATION

Plaintiff HICA Education Loan Corporation seeks judgment in the amount of $63,955.55 plus pre-judgment interest from January 31, 2012 to the date of judgment at the rate of $5.14 per day and post-judgment interest on its claim brought against Christopher J. Klugewicz for failure to repay his student loans. Plaintiff's motion for default judgment [Doc. 7] is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Default was entered in this case against defendant Christopher J. Klugewicz on February 15, 2011, after he was served with the summons and complaint and failed to respond.

The granting of a motion for default judgment is "at all times left within the sound discretion of the court." *In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55). Courts have recognized, however, that "[i]t is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the

1

judgment's entry; or similarly, whether a viable cause of action is alleged." *Id.* (citations omitted).

Accordingly, the U.S. Court of Appeals for the Sixth Circuit has decided that courts should exercise their given discretion in favor of denying a motion for default judgment when the plaintiff's complaint fails to state a claim upon which relief can be granted. *Bailey v. Harrison*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997); *In re Cook*, 342 B.R. 384, 2006 WL 908600, at *3 (B.A.P. 6th Cir. Apr. 3, 2006) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55); *see also Parks v. Conley*, 178 F.3d 1295, 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (denying motion for default judgment and granting summary judgment in favor of the opposing party); *Vinton v. CG's Prep Kitchen* and Café, 2010 WL 748221 * 1 (W.D. Mich. Mar. 2, 2010) ("A default judgment therefore cannot stand on a complaint that fails to state a claim."); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987) (denying motion for default judgment where complaint failed to state a claim). In determining whether the complaint states a claim, the court should accept as true all well-pleaded allegations, except those relating to the amount of damages. *Cook*, 2006 WL 908600, at *3.

The elements of a cause of action to recover on a promissory note are: (1) the defendant signed it, (2) the plaintiff is the present owner or holder and (3) the note is in default. *See United States v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009) (citations omitted). In this case, plaintiff alleges defendant executed five promissory notes pursuant to the provisions of the United States Health Insurance Assistance Loan Program, 42 U.S.C. § 292 *et seq.,* that are now owned and/or held by the plaintiff and upon which the defendant has defaulted. (Complaint par. 5, Doc. 1, Page ID # 2). The promissory notes are described as follows:

| Sys Note # | EX | Dated | Stated Amount | Payee |
|---|---|---|---|---|
| 12 | 1 | August 3, 1987 | $15,586.00 | Key Bank of Central Maine |
| 13 | 2 | February 25, 1988 | $1,600.00 | Key Bank of Central Maine |
| 14 | 3 | March 23, 1989 | $5,000.00 | Key Bank of Central Maine |
| 15 | 4 | March 5, 1990 | $8,500.00 | Key Bank of Central Maine |
| 16 | 5 | February 1, 1991 | $4,690.00 | Key Bank of Central Maine |

Copies of each note with Christopher Klugewicz's signature are attached to the complaint. (Doc. 1-1, Page ID # 5-38). Based on the foregoing, I conclude plaintiff has successfully stated a claim for breach of a student loan.

Once a default is entered, entry of default judgment for the amount and costs against defendant without further proof of damages is proper if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(a); *Citizens Bank v. Parnes,* 376 Fed. Appx. 496, 506 (6th Cir. May 4, 2010)*; Hernandez v. Detroit-Wayne County Community Mental Agency*, 2011 WL 5995260 *1 (E. D. Mich. October 21, 2011). On the other hand, if the plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, an evidentiary hearing to determine damages is generally required. *See* Fed. R. Civ. P. 55(b)(2). However, while "[p]roof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, … a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broadcast Music v. Marler*, 2009 WL 3785878 * 5 (E.D. Tenn. Nov. 12, 2009) (citing *LeFarge N. Am. Inc. v. Wells Group, Inc.*, 2009 WL 2601854, at *5 (E.D. Tenn. Aug. 24, 2009)).

In the instant case, plaintiff has submitted a sworn declaration detailing the calculation of damages on the default of each of the heretofore mentioned promissory notes. (Robin Zimmerman Aff., Doc. 7-1). In this declaration, Robin Zimmerman, a Senior Litigation

Specialist for Salle Mae, Inc. which is the servicing agent for plaintiff, calculates the principal and interest on each loan up to January 30, 2012 as totaling $63,955.55 with pre-judgment interest to be calculated on the total amount at $5.14 per day until entry of judgment. There is no opposition to this declaration and the undersigned finds it adequately established the damages due plaintiff in this action.

Plaintiff also asks for post-judgment interest in its complaint and motion for default judgment. In a footnote in its motion for default judgment, the plaintiff asks that post-judgment interest be calculated according to the formula set forth in each of the promissory notes. (*See* Motion for Default Judgment at 2 n.1). In each promissory note, there is a section entitled "INTEREST" which is comprised of three numbered paragraphs. The second paragraph in the "INTEREST" provision provides that "interest shall accrue and be payable at a yearly rate of interest which is equal to a variable rate calculated by the Secretary of the Department of Health and Human Services for each calendar quarter, and computed by determining the average of the bond equivalent rates for the ninety-one day U.S. Treasury Bills auctioned during the preceding quarter, plus three percent, rounding this figure up to the nearest 1/8 of 1 percent." Promissory Notes, Doc. 1-1, Page ID #5; Doc. 1-2, Page ID # 11; Doc. 1-3, Page ID # 17; Doc. 1-4, Page ID # 23; Doc. 1-5, Page ID # 29. The first paragraph of the section entitled "INTEREST" provides that this interest, as calculated in paragraph 2, begins to accrue"[b]eginning on the day the loan is disbursed…." *Id.*[1] The undersigned concludes that the calculation of interest as set forth in the second paragraph of the section entitled "INTEREST" was intended to be used as a calculation

---

[1] The third paragraph, pertaining to the change in the yearly interest rate, is not relevant to the issue of post-judgment interest.

4

of the interest on the loan charged in the normal course of the loan; it was not intended by the parties to the loan to be used as a calculation of post-judgment interest. Plaintiff asks that, in the alternative, plaintiff be awarded post judgment interest pursuant to 28 U.S.C. § 1961. Twenty-eight U.S.C. § 1961(a) provides:

> **(a)** Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

The undersigned concludes plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

Finally, there are also several procedural requirements which a plaintiff must satisfy before default judgment can be entered in the plaintiff's favor. First, the plaintiff must properly serve the defendant with process. *Broadcast Music v. Marler*, 2009 WL3785878 *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records America, Inc. v. Bagan,* 2009 WL 2170153 (D.N.J. Jul.21, 2009)).

Second, "the plaintiff must fulfill the procedural obligations of Fed. R. Civ. P. 55. Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *BroadcastMusic,* 2009 WL3785878 at *4, (citing *Keesh Construction, Inc. v. United States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n. 1 (S.D.Ohio Sep.28, 2004)). "Once the clerk has entered a default, the moving party may then seek entry of a default judgment." *BroadcastMusic,* 2009 WL3785878 at *4, (citing Fed.R.Civ.P. 55(b) and *Keesh Construction, Inc.*, 2004 WL 2536840, at*1 n. 1.)

5

Third, if the defendant has entered an appearance, then the defendant must be served with notice at least seven days before the hearing. Fed. R. Civ. P. 55(b)(2).

Fourth, "the plaintiff must submit an affidavit stating that the defendant is not an infant or incompetent person." *Broadcast Music,* 2009 WL3785878 at *4; *Ross v. Baker,* 2006 U.S. Dist LEXIS 77216 (W.D. Mich. Oct. 23, 2006) (citing Fed. R. Civ. P. 55(b)); *Disney Enters. v. Farmer,* 427 F.Supp.2d 807, 815 (E.D.Tenn.2006)).

Fifth, and finally,

> the plaintiff must submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so. Servicemembers Civil Relief Act ("SCRA") § 201(b), 50 U.S.C. app. § 521(b)(1). The SCRA affidavit is a prerequisite to the entry of a default judgment. *Merrill v. Beard,* 2007 WL 461469, at *3 (N.D.Ohio Feb.7, 2007). The affidavit must include more than a "bare assertion" based "upon information and belief," but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service. *Chanel, Inc. v. Adeyemi,* 2009 WL 2590640, at *2 (D.Ariz. Aug.21, 2009) (citing *United States v. Simmons,* 508 F.Supp. 552, 552 n. 1 (D.Tenn.1980)).

*Broadcast Music,* 2009 WL3785878 at *4.

I FIND the plaintiff has fulfilled these requirements. Defendant was personally served with a summons and complaint on January 3, 2012. (Proof of Service, Doc. 3). Defendant has not responded to the complaint or entered an appearance of any kind, thus the notice requirement in Fed. R. Civ. P. 55(b) is not triggered. Default has been entered. Plaintiff has also submitted proof that defendant is not an infant or incompetent and is not in military service. (Declaration of Robin Zimmerman, par. 7 and 8, Doc. 7-1; and Military Status Report, Doc. 7-1, Page ID # 60.)

6

Conclusion

Accordingly, it is RECOMMENDED[2] that plaintiff be awarded judgment on its claims of breach of promissory note against defendant in the amount of $63,955.55 plus pre-judgment interest from January 31, 2012 to the date of judgment at the rate of $5.14 per day and post-judgment interest thereafter pursuant to 28 U.S.C. § 1961.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).